IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTONE LA. KNOX,                     )
                                     )
            Petitioner,              )
                                     )
v.                                   )        Case No. CIV-05-390-W
                                     )
MIKE MULLIN,                         )
                                     )
            Respondent.              )

**REPORT AND RECOMMENDATION CONCERNING
APPLICATION FOR A TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

Mr. Antone Knox filed a petition for a writ of habeas corpus, challenging his conviction in state court. In addition, Mr. Knox has requested a temporary restraining order and preliminary injunction. According to the Petitioner, prison officials have failed to provide medical care. Affidavit and Motion for T.R.O. and Preliminary Injunction at pp. 1-2 (submitted June 9, 2005).[1]  The Court should dismiss the application for a temporary restraining order and deny the request for a preliminary injunction.

---

[1] The Court Clerk filed Mr. Knox's motion as an attachment to a motion for an extension of time. *See* Motion for Extension of Time to File a Reply Brief to Respondent['s] Response, Attachment 1 (June 9, 2005).

I.      THE PETITIONER'S REQUEST FOR A TEMPORARY RESTRAINING ORDER

Federal Rule of Civil Procedure 65(b) provides that a temporary restraining order may be granted without notice to the opposing party when "it clearly appears . . . that immediate and irreparable injury, loss, or damage will result to the applicant." Fed. R. Civ. P. 65(b).

Mr. Knox gave notice of his request to the Respondent.[2]  Once the Respondent obtained notice and an opportunity to respond, the request for a temporary restraining order became moot.  As a result, the Court should treat the request for a temporary restraining order as superseded by the application for a preliminary injunction.[3]  Thus, the request for a temporary restraining order should be dismissed.

II.     THE PETITIONER'S REQUEST FOR A PRELIMINARY INJUNCTION

The Court should deny the request for a preliminary injunction.

A preliminary injunction grants intermediate relief of the same character as that which may be finally granted.  *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220

---

[2]      The record reflects that Mr. Knox sent the Respondent a copy of the motion for extension of time, which included the motion for injunctive relief as an attachment. *See supra* note 1; *see also* Motion for Extension of Time to File a Reply Brief to Respondent['s] Response at p. 2 (June 9, 2005).

[3]      *See TLX Acquisition Corp. v. Telex Corp.*, 679 F. Supp. 1022, 1028 (W.D. Okla. 1987) ("Because Defendants received notice and Plaintiffs' application for a temporary restraining order is before the Court following an evidentiary hearing . . ., in which hearing all parties participated, the Court will treat Plaintiffs' application for a temporary restraining order as a motion for a preliminary injunction, that is, subject to those standards that must be met for issuance of a preliminary injunction."); *see also Sampson v. Murray*, 415 U.S. 61, 86 (1974) (agreeing with the circuit court, which "held that a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions" (citation omitted)).

(1945).  "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Mr. Knox's habeas petition challenges his conviction, rather than his medical treatment.  A preliminary injunction would be inappropriate to address wrongs wholly unrelated to the Petitioner's habeas claim.  Accordingly, the Court should deny the request for a preliminary injunction.

## III.    RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The undersigned recommends dismissal of the Petitioner's request for a temporary restraining order and denial of his application for a preliminary injunction.

The Petitioner can object to this report and recommendation.  To do so, Mr. Knox must file an objection with the Clerk of this Court.  The deadline for objections is October 11, 2005.  *See* W.D. Okla. LCvR 72.1(a).  The failure to timely object would foreclose appellate review of the suggested rulings.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## IV.    STATUS OF THE REFERRAL

The referral is not terminated.

Entered this 21st of September, 2005.

Robert E. Bacharach
United States Magistrate Judge