IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED
OCT 1 1 2005
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

| | |
|---|---|
| ANTONE LA. KNOX, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. CIV-05-390-W |
| MIKE MULLIN, | ) ) ) |
| Respondent. | ) |

## ORDER

On September 21, 2005, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter regarding the temporary and preliminary relief requested by petitioner Antone La. Knox as well as a Report and Recommendation regarding the merits of Knox's Petition for a Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2254 of the United States Code. On that same date, Magistrate Judge Bacharach also entered an Order addressing Knox's complaints regarding the management of his prison trust account. Knox was advised of his right to object, and the matter now comes before the Court on Knox's Objections.

Upon de novo review of the record, the Court concurs with Magistrate Judge Bacharach's suggested disposition of all pending issues. The Court finds Knox is not entitled for purposes of section 2254 and the instant litigation to the relief sought in the Motion for Temporary Restraining Order and Preliminary Injunction. There is no relationship between the matters asserted in the Petition–the document which frames the issues in this federal habeas matter–and the allegedly indifferent medical care Knox is experiencing or the complaints set forth in his Affidavit and Emergency Objection file-

stamped on September 30, 2005.

The Court finds further that Knox is not entitled to the relief requested in his Petition. Knox was convicted in the District Court for Greer County, Oklahoma, of one count of possession of contraband within a state penal institution, 57 O.S. § 21, and one count of assault upon an employee of the Oklahoma Department of Corrections. 21 O.S. § 650.2(A). Pursuant to the judgment and sentences issued in that matter, Knox was subjected to incarceration at the expiration of his sentence on a previous conviction.

Knox appealed to the Oklahoma Court of Criminal Appeals, and that court affirmed the convictions and sentences. Knox v. State, No. F-2002-825 (Okla. Crim. September 17, 2003). Knox thereafter unsuccessfully sought post-conviction relief. Knox v. State, No. CF-2001-45 (January 26, 2005); Knox v. State, No. MA-2005-139 (Okla. Crim. March 9, 2005).

Knox has challenged in the instant Petition the assistance rendered by counsel at the preliminary hearing, the trial and on appeal. In reviewing these challenges, the Court finds Knox has failed to show any attorney's performance was constitutionally deficient or prejudicial. E.g., Strickland v. Washington, 466 U.S. 668, 687 (1984).

The Court has also examined Knox's claims based upon the alleged misconduct of the prosecutor. In so doing, the Court finds that the prosecutor's actions did not "so infect[] [Knox's] . . . trial with unfairness as to make the resulting conviction[s] a denial of due process." Donnelly v. De Christoforo, 416 U.S. 637, 643 (1974); e.g., Smith v. Phillips, 455 U.S. 209, 219 (1982).

The Court likewise finds no merit to Knox's arguments regarding his inability to obtain transcripts at public expense for use during post-conviction proceedings, his

arguments regarding state post-conviction procedural rules or his request that he is entitled to an evidentiary hearing in this matter.

Finally, the Court has considered Knox's complaints regarding the alleged embezzlement of funds, and in particular, filing fees, by prison officials in connection with two other cases filed by Knox, Nos. CIV-97-1440-ML and CIV-03-413-W, and his requests that inter alia he be awarded compensatory damages and that certain prison officials be held in civil contempt. Investigation or further exploration of those matters is not warranted, and such issues are not now properly before the Court, in the instant habeas case.

Based upon the foregoing, the Court

(1) DENIES Knox's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 32, Attachment 1; see Docket Annotation (dated June 9, 2005, and entered September 21, 2005)];

(2) DENIES Knox's Petition file-stamped on April 4, 2005; and

(3) ORDERS that judgment issue forthwith in favor of the respondent, Mike Mullins.

ENTERED this 11th day of October, 2005.

LEE R. WEST
UNITED STATES DISTRICT JUDGE